### Bayard Smith and Susanna Smith v. Derek Drummond, Barbara Drummond and Drummond Farms, Inc.

[465 A.2d 242]

No. 233-81

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed June 7, 1983

176

*George Wenz,* White River Junction, for Plaintiffs-Appellees.

*Divoll & Doores, P.C.,* Bellows Falls, for Defendants-Appellants.

**Peck, J.** This is an appeal by defendants from an amended judgment order on a complaint, answer and counterclaim growing out of an oral lease of agricultural land in Windsor, Vermont, by plaintiffs to defendants. The trial court dismissed the counterclaim on the grounds that defendants failed to prove the allegations "by the requisite measure of proof." The damages, granted against defendant Derek Drummond only, totaled nine thousand eight hundred forty-nine dollars, and ninety-five cents, together with costs.

Defendants on appeal raise two issues for review. First, they contend that certain findings by the trial court were erroneous, and second, that the court erred in dismissing their counterclaim. Accordingly, we are limited to these questions, and we affirm.

We are reminded here of the Irish bull attributed to the former head of one of the major film studios that "an oral contract isn't worth the paper it's written on." In this case, although the trial court found the parties had originally intended to reduce their lease agreement to writing, they never did so, being unable to reach a meeting of the minds on some of the terms and conditions. However, a number of documents, consisting primarily of proposed leases, notes, and letters, were introduced as exhibits by both sides in support of their respective positions on the issue of intent.

Much of the evidence is conflicting, particularly as to the intent of the parties. Moreover the factual pattern disclosed by the record is extensive and labyrinthine. However, because of the issues formulated, both of which relate ultimately to

the validity of the trial court's findings, it is unnecessary to recite the facts in detail. Nevertheless, one of the more significant and underlying questions was whether the oral lease was intended to cover only a forty-acre parcel as claimed by the plaintiffs, or to include as well another eighty-acre parcel in accordance with the defendants' contraposition. In their counterclaim defendants sought reimbursement for certain expenditures made by them during the period of their tenancy.

■ Our standard of review in examining claims of erroneous findings of fact is that "[t]his Court will not set aside findings of fact unless, taking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence, they are clearly erroneous." *Blanchard* v. *Villeneuve*, 142 Vt. 267, 269, 454 A.2d 1235, 1236 (1982); V.R.C.P. 52(a). Applying this standard to the findings challenged here, we are unable to find them clearly erroneous.

The trial court examined the various proposed leases and heard testimony of the parties regarding the extent of the land to be included in the lease. It found that the parties intended a lease for the forty-acre tract, and that defendants would be permitted to pasture their cattle, an experimental crossbreed of the regular beef animal and the American buffalo known as "beefalo," on the eighty-acre tract in return for a promise to clear it of debris. There is ample evidence in the record to support these findings; we will not set them aside. *Vermont Structural Steel Corp.* v. *S. D. Ireland Concrete Construction Corp.*, 137 Vt. 371, 372, 406 A.2d 392, 393 (1979). Likewise there was testimony regarding the value of gates and equipment removed by defendants when they vacated the premises, as well as testimony of the amount of damage inflicted on the property and the reasonable cost of repair. As a trier of fact, the court was free to accept or reject this testimony. *Branch* v. *Department of Employment Security*, 142 Vt. 609, 610, 458 A.2d 1121, 1122 (1983). Acceptance of plaintiffs' evidence as the basis for its findings does not justify a reversal. *Id.* On the contrary, it provides the requisite support.

The second issue raised by defendants asserts that it was error for the court to dismiss the counterclaim in which they sought reimbursement for improvements made to the prop-

erty. Specifically they claim they should have received reimbursement for the expense of repairing a silo unloader, for the expense of repairing a truck, and for the cost of constructing permanent fencing on the land. The trial court made specific findings with respect to these claims and concluded that defendants had failed to establish plaintiffs' liability by the requisite measure of proof, and therefore dismissed them.

As long as these findings are supported by evidence disclosed by the record and are not clearly erroneous we will not overturn them. *Blanchard* v. *Villeneuve, supra,* at 270, 454 A.2d at 1236–37. A review of the record reveals that the findings of fact supporting the dismissal of the counterclaim are themselves supported by ample evidence; dismissal of the counterclaim was proper.

*Judgment affirmed.*