# State of Vermont v. Wayne Gonyaw

[507 A.2d 944]

No. 84-118

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed December 6, 1985

Motion for Reargument Denied February 7, 1986

*Philip H. White*, Orleans County State's Attorney, Newport, for Plaintiff-Appellee.

*David Carpenter* and *William A. Nelson*, Appellate Defenders, Montpelier, for Defendant-Appellant.

**Allen, C.J.** The defendant appeals his conviction of sexual assault. 13 V.S.A. § 3252(1)(A). The judgment is reversed and the matter remanded for a new trial.

The alleged assault occurred on August 3, 1983 at the complainant's home. The defendant and complainant had had a relationship which had commenced approximately six years earlier. They had lived together and were sexually intimate during some of this period.

Prior to trial the defendant filed a notice of intent to offer evidence of the complainant's prior sexual conduct with the defendant pursuant to 13 V.S.A. § 3255(b), the rape shield law, which requires such notice as well as an in camera hearing to determine the admissibility of the proffered evidence. The complainant moved to intervene and "to participate fully in the in camera hearing" in order to protect her "legislatively created interests" under the rape shield law. The court granted this motion, and counsel for the complainant actively participated in this hearing.

At the hearing, the defendant proposed to offer evidence of the sexual relationship between the parties before the date of the al-

leged assault. The State, defendant, and complaining witness generally agreed that there were three distinct time periods during which the relationship should be examined. The first was the three-year period between 1977 and 1980 when they lived together and were sexually intimate; the second extended from the time the defendant moved out in 1980 until June 1982, during which period they did not live together but were sexually intimate; and the third was the period between June of 1982 and the date of the alleged assault. The complainant insisted there was no sexual intercourse between the parties during this third time period. The defendant, however, claimed that there had been one instance of consensual intercourse, four days prior to August 3, 1983. The defendant further contended that during the first two periods often the complainant would initially refuse to participate in sexual intercourse but would then consent.

The attorneys for the State, defendant, and complainant were unable to stipulate as to what evidence of the complainant's past sexual conduct with the defendant could be admitted. The trial court then ruled that all evidence of the complainant's past sexual conduct with the defendant would be "prohibited."

On appeal, the defendant contends that the trial court violated his rights under the rape shield law and deprived him of his confrontational and compulsory rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Chapter I, Article 10 of the Vermont Constitution.

The State argues that decisions on the admissibility of evidence should be left to the discretion of the trial judge, and should not be overturned absent a showing of an abuse of discretion. The difficulty here is that the court did not exercise its discretion.

■ The admissibility of the evidence which the defendant sought to introduce is governed by 13 V.S.A. § 3255(a)(3).* The trial court relied upon *State* v. *Patnaude*, 140 Vt. 361, 380, 438 A.2d 402, 410 (1981), where this Court in interpreting the rape

---

\* In a prosecution for a crime defined in this chapter:

. . . .

(3) Evidence of prior sexual conduct of the complaining witness shall not be admitted; provided, however, where it bears on the credibility of the complaining witness or it is material to a fact at issue and its probative value outweighs its private character, the court may admit:

   (A) Evidence of the complaining witness' past sexual conduct with the defendant;

shield statute stated that the evidence of consent to sexual acts on past occasions is "worse than worthless" and carries with it "the great potential for unfair prejudice, confusion of the issues, and bogging the court down in collateral matters . . . . ," to determine that the evidence had no probative value. *State* v. *Patnaude*, however, is inapposite because the proffered testimony concerned sexual conduct with a third person, and as the Court there noted, consent to sexual conduct with one person has no tendency to prove consent to sexual conduct with another. More importantly, the statute specifically permits the court to admit evidence of the complainant's past sexual conduct with the defendant where it bears on credibility or is material to a fact in issue. 13 V.S.A. § 3255(a)(3)(A).

The trial court in its pretrial ruling acknowledged that consent was an issue in this case. It was then obligated to determine whether the probative value of the evidence of prior consensual sexual activity outweighed its private character. However, the court did not engage in the statutory analysis, but, rather, determined that prior consent to sexual acts between the complaining witness and a defendant could never have probative value.

The State argues that the defendant was not prejudiced by the exclusion of the evidence of prior sexual activity because evidence was introduced at trial of the long-standing intimate relationship between the complainant and the defendant. It is unclear from the evidence, however, when the sexual activity occurred, and the jury could well have concluded that the intimacies stopped when the defendant ceased living with the defendant some three years before the act complained of. A jury hearing evidence, even though contradicted, of consensual sexual acts after their separation, one of which allegedly occurred four days before the act complained of, might well have arrived at a different result.

The State further argues that the defendant's failure to renew his proffer at trial constituted a "substantial waiver." The State relies upon this Court's holding in *State* v. *Senecal*, 145 Vt. 554, 497 A.2d 349 (1985), which notes that pretrial rulings are tentative and subject to revision. *Id.* at 558, 497 A.2d at 353. *State* v. *Senecal* is distinguishable because there the pretrial motions and the trial were conducted by two different judges. The need to renew the proffer is not necessary when the same judge presides over both proceedings and no new facts are presented at trial. *Id.*; *State* v. *Connolly*, 133 Vt. 565, 569, 350 A.2d 364, 367 (1975). The

State does not suggest how the facts introduced at trial differed from those considered at the hearing.

■ In sum, the defendant was prejudiced by the court's ruling. Consensual sexual activity over a period of years, coupled with a claimed consensual act reasonably contemporaneous with the act complained of, is clearly material on the issue of consent. *Testerman* v. *State*, 61 Md. App. 257, 264, 486 A.2d 233, 236 (1985). If believed, the evidence could well have affected the outcome. *Commonwealth* v. *Grieco*, 386 Mass. 484, 489, 436 N.E.2d 167, 170 (1982). The court was then obligated to determine whether its probative value outweighed its private character. Under the circumstances here presented its probative value outweighed its private character and the evidence should not have been excluded.

This holding is limited to the issue of admissibility of evidence of past sexual conduct by the complainant with the defendant. The acts must have been reasonably contemporaneous, and the relationship between the parties must support a reasonable belief that there was consent to renewed sexual activity.

It is necessary to address the defendant's objection to complainant's intervention because that issue will in all probability arise again on remand.

The defendant argues that the court's ruling permitted the complainant's attorney to function as a private prosecutor, and that neither the rape shield statute nor the rules of evidence give a complaining witness status as a litigant. The legislature, in enacting the rape shield law, clearly intended to protect victims from an inquisition into their past sexual conduct. *State* v. *Patnaude, supra*, 140 Vt. at 376, 438 A.2d at 407. As this Court there stated:

> Past sexual conduct is unique among the varieties of past conduct with which the law customarily deals. It is peculiarly private in character, reflecting, when consensual, personal moral values or some level of commitment or expression of sentiment between participants.

■ While the prosecution is obligated by statute to state on the record at the in camera hearing all objections to materiality, credibility, and probative value, the prosecution's interests may differ from those of the complainant. *State* v. *Miskell*, 122 N.H. 842, 845, 451 A.2d 383, 385 (1982). The victim should be permit-

ted to participate in the determination of whether the probative value of such evidence outweighs its private character to protect unwarranted public exposure. The victim's involvement should be limited to this issue, and confined to protecting her against unnecessary embarrassment and harassment.

*The judgment is reversed and the case is remanded for a new trial.*

## On Motion for Reargument

**Allen, C.J.** The motions to reargue filed by the State and the complainant under V.R.A.P. 40 are denied.

■ The State, in its memorandum accompanying its motion, suggests that the defendant was obligated to make a particularized showing at the in camera hearing that the evidence was material on the issue of consent. The defendant, however, was only required to file written notice of his intent to introduce evidence of his past sexual conduct with the complainant. If the prosecutor wished a particularized showing of the defendant's intended use of the evidence, the burden was upon him to object to the materiality, credibility, or probative value of the evidence. 13 V.S.A. § 3255(b).

Further, the State's argument that the issue of consent was not squarely at issue until the "defense portion of trial" is contradicted by the statements of counsel at the in camera hearing and during the State's case. While the prosecutor argued at the in camera hearing that the conduct during the three different time frames had differing degrees of relevance, he also stated to the court that the complainant "repeatedly said she doesn't consent and does not express consent at the present time." It should also be noted that the prosecutor did not take issue with the attorney for the complainant when the latter, also during the in camera hearing, stated that "the issue is narrowed just as to whether or not there was consent during the sexual conduct that occurred." Finally, at a bench conference held during the testimony of the State's first witness, the prosecutor stated that "the issue is consent," and that evidence of past assaults was irrelevant "to the issue of that day . . . did she consent to sexual intercourse with him . . . ."

■ The issue of consent was clearly before the trial court at the in camera hearing, and its order was based upon the belief

that "it was compelled to discuss the materiality of past sexual relations between the complainant and the defendant to the element of consent . . . ." The issue of consent was also placed squarely before this Court in the briefs and original argument, and examined and dealt with in the opinion. The State has thus failed to meet its burden of showing that the issue was overlooked or misapprehended, and therefore in need of reargument. V.R.A.P. 40.

■ As its second ground for reargument, the State contends that the matter should be remanded for a hearing on the issue of the defendant's credibility pursuant to 13 V.S.A. § 3255(b). The credibility at issue under this section is the credibility of the complainant. 13 V.S.A. § 3255(a)(3).

Finally, the State and the complainant urge this Court to delete all reference in its opinion to the evidence of prior sexual conduct which the trial court originally ruled was to be excluded at trial. The rape shield statutes were enacted to govern the admissibility of this evidence at trial. There is nothing in the statute that precludes reference in an appellate opinion.

It is further noted that the matters which the State and the complainant now seek to have deleted from the opinion were all fully explored and detailed in the briefs filed and the arguments presented in this Court. The complainant has been represented by counsel in this matter throughout the course of the proceedings in the trial court and in this Court. At no time prior to this motion was a request made to seal the record, briefs, or the opinion in this matter. Absent such a request and absent any briefing upon the authority of the Court to do so, we decline to pass upon the propriety of such a request in a motion for reargument.

*Motions for reargument denied.*