## State of Vermont v. Stephen P. Lavalette

[578 A.2d 108]

No. 88-424

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed June 8, 1990

N.W.2d 700, 702 (N.D. 1989) (*City of Houston v. Hill* issue waived by failure to attack ordinance in trial court).

*William H. Sorrell*, Chittenden County State's Attorney, Burlington, and *Jo-Ann Gross*, Appellate Attorney, Montpelier, for Plaintiff-Appellee.

*Charles S. Martin* and *Catherine Gjessing*, Law Clerk (On the Brief), of Martin & Paolini, Barre, for Defendant-Appellant.

Peck, J. Defendant appeals his conviction for sexual assault, claiming that the trial court erred in excluding evidence of a prior sexual relationship with the victim, and that his right to a speedy trial was violated. We affirm.

At trial, the court refused to permit testimony about the victim's earlier sexual contacts with the defendant. Their last encounter occurred approximately eighteen months before the incident at issue in this case. The court cited the Vermont Rape Shield Statute, 13 V.S.A. § 3255(a), in support of its ruling, and concluded that the statements sought to be excluded had no probative value. The jury returned a guilty verdict.

In *State v. Gonyaw*, 146 Vt. 559, 507 A.2d 944 (1985), this Court considered the application of the Rape Shield Statute in a case where the victim and the defendant had a prior sexual relationship. 13 V.S.A. § 3255(a)(3) requires that the evidence satisfy a two-part test in order to be admitted. First, the evidence must bear on the complaining witness's credibility or be material to a fact at issue; second, its probative value must outweigh its private character. The analysis of these factors, and the ultimate determination of admissibility, lies within the discretion of the trial court.

In *Gonyaw*, we held that a pattern of "[c]onsensual sexual activity over a period of years, coupled with a claimed consensual act reasonably contemporaneous with the act complained of, is clearly material on the issue of consent." 146 Vt. at 563, 507 A.2d at 947. The holding was limited to consideration of evidence of past sexual conduct by the complainant with the defendant, and the opinion noted that in addition to the "reasonably contemporaneous" requirement, "the relationship between the parties must support a reasonable belief that there was consent to renewed sexual activity." *Id.*

■ Here, sexual contact ceased some eighteen months before the assault. It was within the discretion of the trial court to exclude the statements, because of the length of time involved. The acts were not reasonably contemporaneous, and the parties' conduct over a year before the incident had little probative value in determining consent on the night in question.

■ Defendant maintains that his right to confront witnesses against him was violated by the court's ruling, since he was unable to cross-examine the complainant about evidence of their previous sexual relationship. A threshold question in considering the issue is "whether the defendant 'was prohibited from engaging in otherwise appropriate cross-examination.'" *State v. French*, 152 Vt. 72, 79, 564 A.2d 1058, 1062 (1989) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986)). Confrontation on cross-examination is not an absolute right, and may be abrogated "to accommodate other legitimate interests in the criminal trial process." *Chambers v. Mississippi*, 410 U.S. 284,

295 (1973). Furthermore, a compelling state interest, such as a rape victim's right to the protection of the Rape Shield Statute, may outweigh the defendant's right to confrontation. See *State v. Dunbar*, 152 Vt. 399, 404–06, 566 A.2d 970, 973–74 (1989) (courtroom placement that obstructed mutual viewing by defendant and five-year old sexual assault complainant did not violate defendant's confrontation right). Once the trial court had determined that the evidence sought to be introduced was irrelevant and had no probative value on the issue of consent or credibility of the witness, cross-examination on that issue was inappropriate under the Rape Shield Statute.

■ Defendant also alleges a violation of his right to a speedy trial. The first step in our review of defendant's claim is to calculate the length of time between defendant's arrest and the date of trial. The length of time, if unreasonable, leads to further inquiry. *State v. Yudichak*, 151 Vt. 400, 405, 561 A.2d 407, 410–11 (1989). Defendant claims that the delay in this case exceeds the ninety-day limit provided for in Administrative Order 5, § 2. We disagree.

■■ Computation of time and evaluation of the merits of a claim of delay are issues within the trial court's discretion, and this Court will not disturb the trial court's determination in the absence of abuse of that discretion. *State v. Roy*, 151 Vt. 17, 36, 557 A.2d 884, 896 (1989); *State v. Williams*, 143 Vt. 396, 401, 467 A.2d 667, 669 (1983). Periods of delay occasioned by pretrial motions, continuances granted by the court, absences of the defendant and changes of counsel are omitted in determining whether a defendant's trial was delayed more than ninety days. A.O. 5, § 4; *State v. Trombly*, 148 Vt. 293, 299, 532 A.2d 963, 967 (1987), *cert. denied*, 486 U.S. 1029 (1988). We find no abuse of discretion here, particularly since some of the pretrial delay was attributable to defendant.

■■ Examination of the pretrial period reveals that fifty-two days elapsed while the defendant asserted his right to lo-

cate private counsel and left the jurisdiction, and twenty days passed after the public defender moved to withdraw and new counsel was appointed. Motions and continuances took up ninety-six days of the period before trial. After excluding these intervals, the time in question was approximately eighty-four days, which is insufficient to trigger further inquiry under A.O. 5. In view of the above, we hold the trial court's determination that defendant's right to a speedy trial was not violated did not constitute error.

*Affirmed.*