**STATE of Vermont v. Robert JARRY**

[641 A.2d 364]

No. 93-136

February 28, 1994. Defendant Robert Jarry was charged with engaging in a sexual act with a person under sixteen years of age in violation of 13 V.S.A. § 3252(a)(3). He was giving the fourteen-year-old victim a ride home in St. Johnsbury when he allegedly pulled into a parking lot, ordered her to remove her pants, and had intercourse with her. A jury convicted him and he appeals. We affirm.

The only medical evidence came from Dr. Keith Fortier, a gynecologist whom the victim saw four days after the incident. Dr. Fortier testified that because of the four-day time lapse, he "couldn't tell one way or the other from her exam" whether she had had intercourse on the night she claimed defendant assaulted her.

Defendant's first claim on appeal is that the court erred in ruling that he could not elicit testimony from Dr. Fortier regarding the fact that the victim had chlamydia, a sexually transmitted disease, and about other examination findings that might tend to show she had had sexual intercourse with other partners. In the alternative, defendant claims the court

erred in refusing to strike the doctor's testimony entirely and instruct the jury to disregard it.

At trial, the defense asked Dr. Fortier if he had taken a chlamydia specimen from the victim, and the State objected. Arguing before the court outside the hearing of the jury, the defense contended that the State had opened the door to cross-examination on the issue of chlamydia by having the doctor testify. The testimony was probative, the defense argued, because defendant had tested negative for chlamydia almost four months after the alleged assault. The State contended that it had not opened the door because it had not offered evidence that the victim was a virgin prior to the alleged assault, and that it offered the doctor's testimony to counter defense counsel's opening statement that "there are no corroborating bits of evidence that support [the victim's] description of what happened." The State's position was that the doctor's findings on intercourse were probative to show the victim had been examined as part of a rape protocol and that intercourse on the night of the assault had not been ruled out.

The court barred any inquiry into the victim's chlamydia under the Rape Shield Statute, 13 V.S.A. § 3255, because the testimony would bear on the victim's prior sexual conduct and was not included in any of the statutory exceptions. See *id.* § 3255(a)(3). During voir dire, Dr. Fortier testified that defendant's negative culture for chlamydia months after the assault would not lead to a conclusion one way or the other as to whether he had had intercourse with the victim on the night of the assault. The court ruled that defendant had not shown that the probative value of the testimony on chlamydia outweighed its prejudicial

effect to the victim. See *id.* For the same reason, the court barred the defense from exploring the victim's sexual history by questioning the doctor on other aspects of his examination. We find no abuse of discretion in the trial court's disallowance of any line of questioning bearing on the victim's prior sexual conduct. See *State v. Lavalette*, 154 Vt. 426, 428, 578 A.2d 108, 109 (1990) (trial court has discretion under 13 V.S.A. § 3255 to exclude evidence of prior sexual conduct).

Defendant's reliance on *State v. Messier*, 146 Vt. 145, 499 A.2d 32 (1985), is of no avail. In *Messier* the identity of the perpetrator was the issue. The defense used some body sample evidence it had previously successfully moved to suppress. The court allowed the State to rebut the exculpatory effect of the partial use of the suppressed evidence by introducing the rest of the suppressed evidence. *Id.* at 152–53, 499 A.2d at 38–39. Here, by contrast, the doctor stated his complete, albeit inconclusive, findings concerning whether or not the victim had intercourse on the night of the assault, none of which had previously been suppressed. Evidence of chlamydia was intended to prove another issue, whether defendant had had intercourse with the victim on that night. See *State v. Ervin*, 723 S.W.2d 412, 415 (Mo. Ct. App. 1986) (upholding refusal to allow testimony that victim had gonorrhea and that defendant had not contracted the disease, where there was only a 33⅓% chance he would have contracted the disease during intercourse with victim, and where testimony would have "inflammatory and prejudicial impact[ ]").

In the alternative, defendant claims that the court should have granted his motion to strike the doctor's testimony entirely and to instruct the jury to disregard it.

Defendant contends that the doctor's inability to conclude whether or not the victim had had sexual intercourse on the night of the alleged assault raised an inference of guilt because a jury would assume fourteen-year-old girls are not sexually experienced. Since defendant was barred from presenting evidence of this victim's prior sexual experience, any evidence other than evidence of virginity would tend to establish the fact of the assault. We cannot agree. It is equally likely that the jury would draw the opposite inference: if the doctor had no conclusive evidence of intercourse, no assault occurred. We note, moreover, that defendant's question regarding the specimen for chlamydia remained on the record, as did the doctor's testimony under defense questioning that he found no tearing or bruising of the victim's vagina. There was no error in the court's denial of defendant's motion to strike.

Defendant's second claim is that the information failed to charge a criminal offense because it omitted an essential statutory element, namely, that the parties not be married to each other. This is not an element of the crime, however; it is an exception to the crime. See 13 V.S.A. § 3252(a)(3) (prohibiting sexual contact with another person under the age of sixteen "except where the persons are married to each other and the sexual act is consensual"). Although we have held that the information must contain the elements of an offense, *State v. Kreth*, 150 Vt. 406, 408, 553 A.2d 554, 555 (1988), we have not found it necessary to specifically negate statutory exceptions. *State v. DeLaBruere*, 154 Vt. 237, 278, 577 A.2d 254, 276 (1990). The affidavit in this case contained sufficient detail to notify defendant of the charge and allow him to form a de-

fense. See *id.* at 277, 577 A.2d at 276. There was testimony that the victim was not married to defendant, and in its closing argument the State told the jury that to convict it must find that the parties were not married. In addition, the jury instructions included the complete text of the statute. The omission of the statutory exception in the information in this case was not error.

*Affirmed.*