## State of Vermont v. Peter E. Goodnow

[649 A.2d 752]

No. 91-233

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed May 27, 1994

Motion for Reargument Denied September 6, 1994

*Scot Kline,* Chittenden County State's Attorney, and *Pamela Hall Johnson,* Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*E.M. Allen,* Defender General, and *Anna Saxman,* Appellate Attorney, Montpelier, for Defendant-Appellant.

**Johnson, J.** Defendant appeals his convictions of sexual assault in violation of 13 V.S.A. § 3252(a)(1)(B) and lewd and lascivious conduct in violation of 13 V.S.A. § 2601. Defendant claims two errors: (1) that the trial court improperly excluded evidence of a prior false accusation of sexual misconduct by the victim, and (2) that the court impermissibly excluded the defense witnesses' opinions of the complainant's character for untruthfulness. We affirm the convictions.

In light of the issues raised by defendant, it is not necessary to review the facts that could have been found by the jury. It is sufficient for purposes of this appeal to note that the victim testified that defendant, an acquaintance, sexually assaulted her and committed lewd and lascivious conduct in her home on June 4, 1988. Defendant testified on his own behalf. He acknowledged that the acts occurred, but contended that they were consensual and that the victim's claims of assault were false. To support his defense, defendant attempted to

introduce testimonial evidence of a past false accusation of sexual harassment by the victim and of the victim's character for untruthfulness. The trial court excluded the testimony regarding the prior allegedly false accusation of sexual harassment and limited testimony regarding the victim's character for untruthfulness to reputation evidence.

## I.

Vermont's Rape Shield Statute generally bars admission of "[e]vidence of prior sexual conduct" of a sexual assault complainant. 13 V.S.A. § 3255(a)(3). The prohibition is based on a legislative determination that such evidence is worthless and legally irrelevant. *State v. Patnaude,* 140 Vt. 361, 373–74, 438 A.2d 402, 407 (1981). One exception to this general rule, 13 V.S.A. § 3255(a)(3)(C), allows admission of evidence of prior false allegations of sexual assault by the complainant. The exception applies, however, only if: (1) it is "of specific instances of the complaining witness' past false allegations of violations of this chapter [Sexual Assault]"; (2) it "bears on the credibility of the complaining witness or it is material to a fact at issue"; and (3) "its probative value outweighs its private character." *Id.* § 3255(a)(3) & (C). If a defendant intends to offer evidence under this exception, the defendant must file written notice of that intent. 13 V.S.A. § 3255(b).

Prior to trial, defendant filed a notice of intent to introduce evidence "potentially covered by 13 V.S.A. § 3255(a)(3)" that the victim had made "prior false allegations of sexual misconduct and harassment" against one Alan Diamond. In his offer of proof, defense counsel stated that he expected to adduce testimony that six to eight years prior to the alleged assault, the victim and Diamond were co-workers who became involved in a sexual relationship and that after the relationship ended, the victim attempted to obtain admissions from him that he had sexually harassed her by forcing her to engage in sex to retain employment. If permitted, Diamond would also have testified that the victim profited from this allegation by filing a civil suit against their employer and then agreeing to a cash settlement. Defense counsel indicated that he did not care whether the existence of the relationship came into evidence, his focus was Diamond's proposed testimony that the victim had made a false allegation of sexual harassment against him for personal gain. The trial court excluded the proffered testimony.

Defendant argues that the trial court's ruling was reversible error. Though defendant's brief is not a model of clarity as to why the

exclusion was error, two themes emerge. The first is that although evidence of the victim's past sexual conduct is not admissible pursuant to Vermont's Rape Shield Statute, the testimony fell within a statutory exception to that rule for evidence of prior false accusations of sexual assault. See 13 V.S.A. § 3255(a)(3)(C). The second is that the Rape Shield Statute did not apply to bar the testimony, and exclusion of the evidence violated defendant's constitutional right to confront the complainant.

We conclude that the proffered testimony did not fall within 13 V.S.A. § 3255(a)(3)(C). Defendant, as the proponent of the evidence, bore the burden of proving its admissibility. *State v. Kelly*, 131 Vt. 582, 587, 312 A.2d 906, 909 (1973). To invoke the exception, defendant needed to demonstrate that the victim had made a prior false allegation of *sexual assault*. Defendant, however, claimed false allegations of sexual harassment in the workplace. At the hearing to consider the admissibility of this evidence, defense counsel stated: "In our view, whether it led to sexual assault or not is irrelevant." On the state of the offer, therefore, there was no error in failing to admit the proffered testimony under 13 V.S.A. § 3255(a)(3)(C).

Defendant's second argument is that it was error to conclude that the Rape Shield Statute barred this testimony. Defendant reasons that prior false allegations of sexual misconduct are not prior sexual conduct and thus are not barred by the Rape Shield Statute. See, e.g., *Smith v. State*, 377 S.E.2d 158, 160 (Ga. 1989) (concluding that "the evidence does not involve the victim's past sexual conduct but rather the victim's propensity to make false statements regarding sexual misconduct"). Instead, defendant argues that a majority of jurisdictions admit such evidence as an exception to rule of evidence 608(b), which prohibits the use of extrinsic evidence to prove "[s]pecific instances of the conduct of a witness, for the purpose of attacking . . . his credibility, other than conviction of a crime." These courts reason, and defendant urges this Court to agree, that when the issue is whether "the prosecutrix in a sex-offense case has made prior false allegations" of sexual misconduct, Rule 608(b) "must yield to the defendant's right of confrontation and right to present a full defense." *Id.* The one limit on the admissibility of such evidence is that the court must make a threshold determination of falsity. See, e.g., *Little v. State*, 413 N.E.2d 639, 643 (Ind. Ct. App. 1980) (requiring defendant to make threshold showing that prior allegations are "demonstrably false"); *State v. Barber*, 766 P.2d 1288, 1290 (Kan. Ct. App. 1989) (requiring threshold showing that prior allegations have "a reason-

able probability of falsity"); *Miller v. State*, 779 P.2d 87, 90 (Nev. 1989) (requiring threshold showing that prior allegations are false by a preponderance of the evidence). Defendant then argues that because the trial court did not make a preliminary ruling on the falsity of the prior accusation, his conviction must be reversed.

This argument was not offered at trial and, absent plain error, will not be considered for the first time on appeal.[*] *State v. Ringler*, 153 Vt. 375, 379, 571 A.2d 668, 670 (1989). During the discussion of the admissibility of this testimony, the court expressed concern that the testimony would violate V.R.E. 608(b) in that it would involve the use of extrinsic evidence to impeach on a collateral matter and that the testimony was not admissible under the Rape Shield Statute. Defense counsel then argued that the testimony was admissible under V.R.E. 404 because it demonstrated a modus operandi by the victim and added that "more latitude should be given where it's not used against a defendant but against another from constitutional grounds." This vague reference to "constitutional grounds" was not sufficient to preserve the issue for appeal. "To find plain error, we have required a showing that the error is so egregious as to result in a 'miscarriage of justice.'" *Deyo v. Kinley*, 152 Vt. 196, 201, 565 A.2d 1286, 1289 (1989). Defendant has made no such argument or showing in this case.

## II.

Defendant also contends that the court erred in refusing to allow three witnesses—Alan Diamond, Sharon Rosenthal, and Linda Rosario—to give their opinions of the victim's character for untruthfulness. Defendant asserts that the exclusion of the witnesses' testimony was harmful error because it prevented him from rebutting the victim's story and secured the conviction for the State.

## A.

■ Defendant offered Diamond's testimony of his opinion of the victim's character for untruthfulness, based on his experience in the alleged sexual harassment incident. The admissibility of evidence is addressed to the discretion of the trial judge, *In re Nash*, 149 Vt. 63, 66, 539 A.2d 989, 991 (1987), and this Court will reverse only if the

---

[*] In view of our disposition, we do not reach the merits of defendant's arguments that prior false allegations of sexual misconduct are outside the scope of the Rape Shield Statute and that a defendant's confrontation clause rights require that sexual assault cases be treated differently from every other crime.

trial judge has abused that discretion. *In re S.G.*, 153 Vt. 466, 473, 571 A.2d 677, 681 (1990). Defendant has failed to make such a showing. Diamond had not seen the victim for many years, so the trial court could exclude his opinion under V.R.E. 403 (exclusion of relevant evidence on grounds of prejudice, confusion or waste of time) as based on remote facts and experiences.

## B.

With respect to Sharon Rosenthal, an ex-wife of the victim's husband, the record does not support defendant's assertion that the trial court refused to permit Rosenthal's opinion. The State filed a motion in limine to exclude Rosenthal's testimony, but the trial court deferred ruling on the motion until the testimony was offered. At the close of the State's evidence, defendant indicated that he would call Rosenthal to testify, but did not do so. Consequently, because the trial court did not rule Rosenthal's testimony inadmissible, this issue is not properly before the Court. *State v. Hooper*, 151 Vt. 42, 45–46, 557 A.2d 880, 882 (1988).

## C.

Finally, defendant contends that the court improperly excluded the opinion testimony of Linda Rosario, the victim's roommate at the time of the assault, regarding the victim's character for untruthfulness. Defendant asserts that the trial court improperly construed V.R.E. 608(a), which allows the veracity of a witness to be attacked by evidence in the form of "opinion or reputation," to allow only testimony regarding the *community's* opinion of the complainant's truthfulness. Although defendant is correct that Rule 608(a) permits a party to attack or support the credibility of a witness through the testimony of another witness, giving either a personal opinion of the witness' character or stating that person's community reputation, he is incorrect in his assertion that he received an adverse ruling on this issue.

During a recess in the middle of Linda Rosario's testimony, the State raised its concern that defense counsel would be eliciting testimony from the witness regarding the victim's veracity and asked the court to address the issue. What followed was a lengthy discussion of the meaning of Rule 608(a). The State erroneously took the position that the witness could not give her personal opinion of the witness' veracity, and defendant argued otherwise. The trial court indicated

that it was having difficulty understanding the requirements of V.R.E. 608(a), stating first that a bare opinion is "worthless," then stating that the "opinion" would have to be that of the community and also stating, "I think we ought to let her state her opinion . . . ." After considerable disagreement without a ruling, defense counsel stated that "maybe it's best to try and get it in under reputation . . . ." At that point, the discussion focused on the specifics of the testimony including what could be asked and how the questions would be phrased and then defense counsel left to prepare the witness. When the trial resumed, defense counsel did not ask Rosario a question about her opinion of the victim's reputation and did not raise the issue again. The trial court did not make an adverse ruling, and therefore there is no error for review.

*Affirmed.*