## State of Vermont v. Richard Lund

[664 A.2d 253]

No. 94-284

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed June 16, 1995

Motion for Reargument Denied August 3, 1995

*Jeffrey L. Amestoy*, Attorney General, and *David Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Robert M. Paolini* and *Lauren Cleary*, Law Clerk, of *Martin & Paolini*, Barre, for Defendant-Appellant.

**Gibson, J.** Defendant Richard Lund appeals his jury conviction in the Orange District Court of one count of sexual assault on a minor, 13 V.S.A. § 3252(a)(3). Defendant claims the trial court denied him his Sixth Amendment right to confrontation by excluding evidence under Vermont's rape shield statute. *Id.* § 3255. We affirm.

Complainant C.C. testified that she was sexually assaulted by defendant in the summer of 1989 when she was six or seven years old. C.C. lived with her family in a house next to her grandparents and defendant, her uncle. On the day of the assault, C.C.'s grandparents were caring for her at their home. At some point they left her alone with defendant so they could go to the store. While they were gone, defendant suggested that C.C. take a nap in the grandfather's "nap room." C.C. complied, and shortly thereafter, defendant sexually assaulted her.

Before trial, defendant filed a notice of intent to introduce evidence of a previous sexual assault on C.C. by her grandfather pursuant to Vermont's rape shield law, 13 V.S.A. § 3255. Defendant asserted that C.C. had wrongly accused him for an assault her grandfather had committed, and argued that he needed to raise the issue of the earlier assault to impeach C.C.'s credibility. Defendant contended that statements C.C. made to a therapist during a taped interview were inconsistent with other statements she had made and showed C.C.'s confusion over the two assaults. Defendant noted that, during the interview, C.C. stated she had told her mother about defendant's attack when it occurred. Although C.C. had disclosed her grandfather's assault when she was three to her mother shortly after it happened, she did not reveal defendant's assault until two years after it occurred. In addition, defendant pointed to C.C.'s statement that defendant had suggested she nap in the grandfather's nap room prior to assaulting her. C.C.'s grandfather had apparently used the same pretext before he sexually assaulted C.C. in the same room.

The trial court ruled that the evidence was not admissible under any of the rape shield statute's three exceptions. See *id.* § 3255(a)(3)(A), (B) and (C). The court also concluded that the evidence was inadmissible in any event because its limited probative value was substantially outweighed by its private character and the risk of confusing the jury. Defendant was convicted, and he appeals.

Defendant claims that the trial court abused its discretion by denying him an opportunity to cross-examine the complainant regarding the sexual assault by her grandfather. He contends that questioning C.C. on the similarities of the two assaults and the inconsistencies of her statements was necessary to secure his right of confrontation. We disagree.

The Sixth Amendment affords a criminal defendant the right to confront witnesses against him at trial. *State v. Patnaude*, 140 Vt. 361, 369, 438 A.2d 402, 405 (1981). The right is not absolute, however. See *State v. Lavalette*, 154 Vt. 426, 428, 578 A.2d 108, 110 (1990). It may yield to other legitimate interests at trial, *id.*, and does not make evidence automatically admissible. *Patnaude*, 140 Vt. at 369, 438 A.2d at 405. All evidence, including that offered for the purpose of confrontation, is first subject to a balancing test for admissibility. See V.R.E. 403. Vermont's rape shield statute is merely a specific application of the Rule 403 balancing test. See *Patnaude*, 140 Vt. at 377, 438 A.2d at 409. If the proffered evidence is relevant and otherwise admissible under Rule 403, then the Confrontation Clause

may override the rape shield statute's prohibitions and the State's interest in protecting the victim. See *id.* at 369–70, 438 A.2d at 404–05; see also *Davis v. Alaska*, 415 U.S. 308, 319 (1974) (defendant's right to confrontation outweighs State's interest in protecting juvenile record of state witness where record relevant to show witness's bias on cross-examination). Conversely, if the evidence is not relevant or is unduly prejudicial, it is inadmissible and the Confrontation Clause may not be invoked to change that result. See *Patnaude*, 140 Vt. at 370, 438 A.2d at 405. The trial court has discretion in determining whether evidence is relevant and admissible. *Lavalette*, 154 Vt. at 428, 578 A.2d at 109.

Defendant's proffered cross-examination was inadmissible under both the rape shield statute and Rule 403; therefore, we need not balance the State's interest against defendant's right to confrontation. See *Patnaude*, 140 Vt. at 370, 438 A.2d at 405. The proposed cross-examination would have had little, if any, probative value while causing great trauma to the young complainant.* The fact that C.C.'s prior victimization occurred in the same "nap room" after having been put down for a nap is unremarkable because both perpetrators were members of the same household. Defendant has not articulated any logical connection between the grandfather's assault when C.C. was three and his claim that C.C. has wrongly accused him for the assault at issue here. Nor has defendant shown that evidence of the prior assault was necessary to effectively cross-examine the complainant. Cf. *Davis*, 415 U.S. at 316–17 (exploring witness bias is always relevant and is proper and important function of right of cross-examination); *State v. Catsam*, 148 Vt. 366, 375 n.6, 534 A.2d 184, 190 n.6 (1987) (distinguishing cases that permitted evidence of prior sexual conduct to prove bias and capacity to contrive rape charge).

Defendant was permitted to test the complainant's truthfulness and ability to recollect the event accurately by questioning her about alleged inconsistencies in her statements regarding the assault. Indeed, those alleged inconsistencies were an important part of

---

* Defendant alternatively argues that the automatic exclusion of evidence under 13 V.S.A. § 3255 because it does not fit into one of the three statutory exceptions runs afoul of the Confrontation Clause and reversal in his case is required. To cure that deficiency, defendant suggests that the court must balance the evidence's probative value against its prejudicial impact. In making this argument, defendant overlooks the fact that the trial court in this case evaluated the probative value of the prior assault on C.C. against its private character, and determined that the evidence was inadmissible.

defendant's cross-examination of the complainant. The grandfather's assault four years earlier, however, would have added little to C.C.'s testimony on cross-examination. The court recognized that there was no evidence that C.C. was confused between defendant's and the grandfather's assaults. C.C. had distinguished the attacks in detail by describing the grandfather's assault as oral contact and defendant's as intercourse. The prior assault's minimal probative value was clearly outweighed by the substantial invasion of C.C.'s privacy and the likely emotional harm that such cross-examination would cause, see *Catsam*, 148 Vt. at 377, 534 A.2d at 192, not to mention the risk of confusing the issues for the jury. See V.R.E. 403; *Patnaude*, 140 Vt. at 380, 438 A.2d at 410. Accordingly, we hold that the court did not violate defendant's right of confrontation because the court correctly concluded that the prior assault was inadmissible. Cf. *State v. French*, 152 Vt. 72, 79–81, 564 A.2d 1058, 1062–63 (1989) (no confrontation clause violation where defendant permitted to cross-examine witness on her inconsistent recollection of facts and her motive for testifying, but not permitted to cross-examine her about dropped criminal charge or unduly prejudicial prior inconsistent statement).

Defendant also argues that the State "opened the door" to evidence of the prior sexual assault by eliciting testimony concerning C.C.'s sexual innocence. The record shows that defendant never offered the evidence on this ground, nor did he object when this issue was raised by the prosecution. Defendant's failure to make an offer of proof to permit the excluded evidence on this basis at trial precludes us from reaching this issue on appeal. *State v. Beckenbach*, 136 Vt. 557, 561, 397 A.2d 79, 81 (1978).

*Affirmed.*