REIBER, C.J.
¶ 1. Following a jury trial, defendant appeals his conviction of aggravated sexual assault. He argues that the trial court abused its discretion by: (1) allowing the State to present evidence of defendant's prior bad acts and (2) refusing to admit prior sexual conduct between complainant and defendant. We affirm.
¶ 2. The following facts are undisputed. In 2013, complainant and her boyfriend moved to Vermont with defendant and defendant's girlfriend. At first, the two couples lived next to each other in separate trailers, and later they moved into a house with separate apartments. A shared laundry area connected the apartments occupied *876 by the two couples. In April 2014, defendant's girlfriend ended their relationship and moved out. In August 2014, complainant called her sister and said she wanted to leave Vermont and that defendant had been hurting her. Complainant's family came to Vermont to pick her up, and complainant told them that defendant had repeatedly sexually assaulted her. Complainant and her sister then reported the assault to the police. In September 2014, the police arrested defendant and charged him with aggravated sexual assault in violation of 13 V.S.A. § 3253(a)(9). After a trial in August 2016, the jury returned a guilty verdict. Defendant timely appealed.
¶ 3. On appeal, defendant argues that the court erred (1) in admitting testimony that defendant told complainant he was a sex offender immediately before the first sexual contact in April 2014 and (2) in excluding testimony regarding a masturbation incident in November 2013. He also argues the court erred in finding the masturbation incident was isolated and not part of an ongoing course of conduct. Defendant claims the errors were not harmless and requests that his conviction be reversed.
¶ 4. "We review issues regarding the admissibility of evidence for abuse of discretion." State v. Kelley, 2016 VT 58, ¶ 19, 202 Vt. 174, 148 A.3d 191. The trial court's discretion in deciding whether to admit evidence is broad. State v. Shippee, 2003 VT 106, ¶ 13, 176 Vt. 542, 839 A.2d 566 (mem.) (stating trial court's discretion is broad in deciding admissibility under V.R.E. 403 ). To prevail on an abuse-of-discretion claim, "defendant must prove the court either completely withheld its discretion or exercised it on grounds clearly untenable or unreasonable." Id. We review a trial court's findings of fact for clear error. Smith v. Drummond, 143 Vt. 175, 177, 465 A.2d 242, 243 (1983) (stating we "will not set aside findings of fact unless, taking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence, they are clearly erroneous" (quotation omitted) ). In determining whether the trial court's findings were clearly erroneous, a "finding will not be disturbed merely because it is contradicted by substantial evidence; rather, an appellant must show there is no credible evidence to support the finding." Mullin v. Phelps, 162 Vt. 250, 260, 647 A.2d 714, 720 (1994) (quotation omitted).
I. Sex-Offender Testimony
¶ 5. First, we consider defendant's claim that the court erred in admitting the sex-offender testimony. The pretrial motions and trial testimony presented the facts underlying this issue as follows. Complainant reported that in April 2014, after the couples had moved from the trailers to the house and after defendant's girlfriend moved out, defendant entered complainant's apartment through their shared laundry area while her boyfriend was not home. He told her he was a sex offender and then proceeded to touch her without her consent. Complainant testified at trial, "[H]e asked me you know who I am .... You know what a sex offender is, so I say yeah, I saw it on TV.... And he said-I am a sex offender he said." He then touched her hair, put his hands up her shirt, pulled her pants down, pulled his own pants down, and asked her to bend over. Complainant's boyfriend unexpectedly returned home, and defendant left. Complainant stated this was the first sexual encounter with defendant. According to defendant, complainant and the rest of his group of friends already knew he was a sex offender before they moved to Vermont; he never advised her specifically.
*877 ¶ 6. Prior to trial, the State provided notice pursuant to Vermont Rule of Evidence 404(b) that it intended to present testimony regarding the sex-offender comment. The State argued this evidence was relevant to complainant's lack of consent and not unfairly prejudicial to defendant. Defendant disputed the facts and asserted that, as this evidence would raise the issue of a prior criminal conviction, it was unfairly prejudicial. Following a hearing on September 21, 2015, and based on the parties' filings, the court decided the evidence was admissible. The court reasoned that the sex-offender comment, made within the context of the first sexual encounter, was relevant to defendant's intentions and plan and complainant's state of mind and lack of consent. The court also concluded the evidence's probative value was not outweighed by unfair prejudice.
¶ 7. On appeal, defendant first claims that the court failed to adequately weigh the testimony's potential prejudice and failed to adequately explain its decision. In defendant's view, the sex-offender comment implied a sex-offense conviction and amounted to evidence that defendant had a propensity for sexual assault, which made the evidence highly prejudicial. Defendant also asserts that the danger of unfair prejudice outweighed the evidence's probative value. He highlights the State's claim that the evidence was relevant to complainant's fear that defendant would hurt her; defendant argues the sex-offender comment was not relevant to the State's case because complainant testified that she feared defendant would hurt her boyfriend, but not herself. In reviewing a court's decision to admit evidence under Vermont Rule of Evidence 404(b), we assess both whether the evidence is "relevant and material" according to Rule 404(b) and whether the court abused its discretion in balancing the evidence's probative value and potential prejudice under Vermont Rule of Evidence 403. State v. Sanders, 168 Vt. 60, 62-63, 716 A.2d 11, 13 (1998) ; see also State v. Williams, 2010 VT 77, ¶ 12, 188 Vt. 405, 9 A.3d 315 ("[W]e will reverse [a decision under Rule 404(b) ] only when we find an abuse of discretion resulting in prejudice." (quotation omitted)).
A. Prior Conviction
¶ 8. We note at the outset that the sex-offender testimony was not evidence of a prior conviction. Defendant acknowledges this. Nonetheless, he suggests the testimony should be treated as such and references Rule 609 in urging a rigorous examination of its prejudicial effect. Under Rule 609, a prior conviction that does not involve untruthfulness is admissible to attack the credibility of a witness only if the conviction occurred within fifteen years, was a felony conviction, and " 'the probative value of this evidence substantially outweighs its prejudicial effect.' " State v. Atherton, 2016 VT 25, ¶ 17, 201 Vt. 512, 144 A.3d 311 (quoting V.R.E. 609). But there was no evidence offered at trial of a prior conviction. Therefore, there was no testimony subject to Rule 609 analysis. See State v. Collins, 178 Mont. 36, 582 P.2d 1179, 1183 (1978) (affirming decision to admit evidence that defendant had told witness he was in prison for rape while emphasizing evidence proved defendant had claimed to commit rape, not that defendant had committed rape). We hold that the trial court correctly determined that Rule 609 did not apply here and properly used Rules 404(b) and 403 to determine whether the sex-offender testimony was admissible.
B. Rule 404(b) Prior Bad Acts
¶ 9. Under Vermont Rule of Evidence 404(b), evidence concerning a defendant's *878 prior crimes or wrongs is not admissible to prove the defendant possesses a certain character or propensity and "acted in conformity therewith." V.R.E. 404(b) ; State v. Cardinal, 155 Vt. 411, 414, 584 A.2d 1152, 1154 (1990). "However, such evidence may 'be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.' " Cardinal, 155 Vt. at 414, 584 A.2d at 1154 (quoting V.R.E. 404(b) ).
¶ 10. Here, the State offered testimony that defendant claimed to be a sex offender for the purpose of showing defendant's intention to intimidate complainant and place her in fear.* The State also suggested the testimony was relevant to the defense's position that complainant consented to the subsequent sexual activity between her and defendant. At the motion hearing, the judge noted the statement was "part and parcel" with the sexual contact and said the testimony was relevant to complainant's "level of intimidation and cooperation/consent." Later the court reasoned in its written decision that given the comment's context, it was relevant to "the acts defendant intended that day, and in the future" and to complainant's "state of mind." We agree. No evidence was offered that defendant had a propensity for sexual assault; nor was there testimony to prove defendant acted in conformity with such a propensity. The testimony was relevant to defendant's intent, and it was relevant to whether complainant consented to his actions or responded in fear and intimidation. As such, the evidence was admissible under Rule 404(b). The court did not abuse its discretion.
¶ 11. Defendant contends that because complainant testified that she did not fear defendant would hurt her, but rather that he would hurt her boyfriend, the evidence was not relevant. We disagree. As the trial court pointed out, the evidence was admissible under Rule 404(b) based on its relevance to defendant's intent alone. Further, even if complainant did not fear for herself, the testimony is nonetheless relevant to whether defendant placed complainant in fear of harm to her boyfriend and was intimidated into actions to which she did not consent.
C. Rule 403
¶ 12. In considering admissibility under Rule 404(b), the trial court must also consider admissibility under Rule 403. Shippee, 2003 VT 106, ¶¶ 11, 14, 176 Vt. 542, 839 A.2d 566. " Rules 403 and 404(b) go hand in glove because 404(b) describes a particular form of evidence that might create the unfair prejudice anticipated under Rule 403." Id. ¶ 11 (quotation omitted). Thus, even if evidence is admissible under Rule 404(b), "it still 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.' " Cardinal, 155 Vt. at 414, 584 A.2d at 1154 (quoting V.R.E. 403). The trial court is not required to "specify the precise weight it accords each factor in the balancing test"; however, "there must be some indication-especially in cases like this one where the potential for unfair prejudice is high-that the court actually engaged in the balancing test and exercised its discretion." Shippee, 2003 VT 106, ¶ 14, 176 Vt. 542, 839 A.2d 566.
¶ 13. First, we note that the trial court's inquiries during the pretrial hearings and its pretrial order indicate that it *879 did consider both the probative value and the potential prejudice from introducing complainant's testimony. At a pretrial hearing on September 21, 2015, the court noted the testimony would be unfairly prejudicial if defendant was merely notifying the complainant of his status as a registered sex offender, as he is mandated to do by law. The court then decided to wait for complainant's deposition before issuing a decision, and the court requested further briefing. At a status conference on January 25, 2016, after the court had received the deposition and additional briefing, the court stated it was "inclined to think" that "anything that goes to her state of mind is ... relevant," but it was "wrestling with ... whether it's more prejudicial than probative." In the court's written opinion, it reasoned:
Defendant asked her if she knew that he was a sex offender. At least in the context to which [complainant] testified, this could fairly be interpreted as some form of prelude to the acts Defendant intended that day, and in the future. On this basis alone, it may be relevant. It may also be relevant to [complainant]'s state of mind; the jury could properly infer that she may have felt intimidated in some degree, and so have submitted to Defendant's subsequent unwanted advances .... Nor is the probative value of this evidence outweighed by any unfair prejudice. [Complainant]'s testimony amply supports the inference that Defendant deliberately informed her of his status as part of a plan to persuade her to submit to her advances. Prejudice there may be, but it cannot be said to be unfair.
There is clear indication that the court engaged in the required balancing test. See State v. Connor, 2011 VT 23, ¶ 12, 189 Vt. 587, 19 A.3d 146 (mem.) (affirming court engaged in required balancing test when it acknowledged potential prejudice but decided "weight" favored admission); State v. Longley, 2007 VT 101, ¶ 19, 182 Vt. 452, 939 A.2d 1028 (relying on court's pretrial inquiries into evidence's probative value and potential prejudice, as well as trial instructions, to conclude court appropriately engaged in balancing test).
¶ 14. As to whether the court erred in its conclusion, we reiterate that a decision pursuant Rule 403 is under the broad discretion of the trial court. Shippee, 2003 VT 106, ¶ 13, 176 Vt. 542, 839 A.2d 566. A Rule 403 decision "involves a balancing of the competing concerns for its relevance, on the one hand, and the extent of its prejudicial effect, on the other." State v. Parker, 149 Vt. 393, 400, 545 A.2d 512, 517 (1988). While different judges may reach different conclusions, "this Court will not interfere with discretionary rulings of the trial court that have a reasonable basis, even if another court might have reached a different conclusion." Id. at 401, 545 A.2d at 517 (quotation omitted). Further, we note that the question here is not prejudice, but unfair prejudice: "Any evidence of prior wrongs, especially for those similar to the one currently at issue, creates risk of prejudice, but prejudice is unfair only when it substantially outweighs the probative value of the legitimate purpose for which the evidence is used." Longley, 2007 VT 101, ¶ 15, 182 Vt. 452, 939 A.2d 1028 (citation omitted); see also Parker, 149 Vt. at 400, 545 A.2d at 517 ("Virtually all evidence for the prosecution in a criminal case is prejudicial to some degree at least against the accused."). Being "part and parcel" with the initial sexual contact, the sex-offender comment was evidence highly indicative of defendant's intended actions toward complainant and her response. We conclude the court did not abuse its discretion where it carefully considered the testimony's potential prejudicial nature, as well as its significant probative *880 value, and then decided the evidence was admissible under Rule 403.
¶ 15. Finally, defendant claims that a juror's question, "Does [defendant] have a sex offender record in any state?" indicates the jury considered the sex-offender statement to be evidence of a prior conviction and thus that defendant experienced unfair prejudice. But contrary to defendant's claim on appeal, the jurors were not "left to infer that [defendant] had some sort of propensity for this kind of conduct." After receiving the jury question, the judge conferenced with both attorneys and issued a written response that ordered the jury not to "speculate as to what the answer may be." It is well-established precedent that "[w]e presume that the jury followed the court's instruction." State v. Dow, 2016 VT 91, ¶ 22, 202 Vt. 616, 152 A.3d 437 ; see also Williams, 2010 VT 77, ¶ 16, 188 Vt. 405, 9 A.3d 315 (holding that admission of prior incidents did not cause unfair prejudice where court specifically instructed jury not to consider evidence in assessing whether defendant committed assault). We conclude that any prejudice that may have existed by admitting the sex-offender testimony was sufficiently limited by the jury instruction.
II. November 2013 Incident
¶ 16. Next, we address defendant's claim that the trial court improperly excluded evidence of a masturbation incident in November 2013. The pretrial motions presented the facts underlying this issue as follows. Complainant's boyfriend was hospitalized in November 2013. During that time, complainant spent the night on the couch in defendant and defendant's girlfriend's trailer. Defendant came unannounced into the room where complainant was sleeping and saw her masturbating. Defendant claimed that complainant continued masturbating when he entered the room, knowing he was there, and that they engaged in simultaneous masturbation with her implicit consent. Complainant reported that she immediately covered up when she saw defendant, but he began masturbating in front of her.
¶ 17. Prior to trial, defendant provided notice pursuant to Vermont's rape shield law, 13 V.S.A. § 3255(b), that he intended to present evidence of the masturbation incident. Defendant argued this evidence was admissible because it showed an ongoing, consensual sexual relationship. The State opposed admission, contending the incident was irrelevant and failed to meet the requirements of § 3255(b). After a hearing on July 11, 2016, and based on the parties' filings, the court excluded the masturbation evidence. The court found that even assuming defendant's version of events were true, defendant failed to identify any further sexual acts between November 2013 and April 2014 that would establish a "course of conduct." It was an "isolated incident" with "marginal" probative value. Balancing the proffered evidence's minimal probative value against its "undeniable" private character, as required by 13 V.S.A. § 3255(b), the court concluded it was appropriate to exclude the evidence.
¶ 18. On appeal, defendant makes two claims of error. First, he argues that the evidence does not support the court's factual finding that there were not any further incidents demonstrating a course of conduct between November 2013 and April 2014. We review the trial court's findings for clear error. Smith, 143 Vt. at 178, 465 A.2d at 243. Second, defendant claims that although evidence of the victim's past sexual conduct is generally not admissible, the testimony should be allowed because it is an explicit exception allowed under 13 V.S.A. § 3255(a)(3)(A). We review the court's evidentiary ruling *881 for an abuse of discretion. Kelley, 2016 VT 58, ¶ 19, 202 Vt. 174, 148 A.3d 191.
¶ 19. In support of his claim that there was a steadily building course of conduct between the masturbation incident in November 2013 and the initial sexual contact in April 2014, defendant relies on the statements he made to the Vermont State Police immediately before his arrest. Defendant suggests there were three incidents that the court should have found established a course of conduct: (1) complainant and defendant kissed while walking goats and played footsies together; (2) complainant answered her door in a towel and intentionally opened it to expose herself; and (3) complainant flirted with him in front of his girlfriend, but he refused to participate. A careful reading of the transcript of defendant's police interview is not illuminating. Assuming these events occurred as defendant represented in his police statement, only the flirting clearly preceded the sexual contact in April 2014, and defendant told police he "shut that off." Defendant's interview shows at best an ambiguous timing for the events. "[T]aking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence," Smith, 143 Vt. at 177, 465 A.2d at 243 (quotation omitted), we conclude there is "credible evidence to support the finding." Mullin, 162 Vt. at 260, 647 A.2d at 720 (quotation omitted). The trial court's finding that there was insufficient evidence to establish a course of conduct between November 2013 and April 2014 is not clearly erroneous.
¶ 20. We next address defendant's argument that the court erred in excluding the masturbation evidence, given the exception under 13 V.S.A. § 3255(a)(3)(A). Section 3255, Vermont's "rape shield" statute, "generally bars admission of 'evidence of prior sexual conduct' of a sexual assault complainant." State v. Goodnow, 162 Vt. 527, 528, 649 A.2d 752, 753 (1994) (quoting 13 V.S.A. 3255(a)(3) ). As an exception to this general rule, § 3255(a)(3)(A) permits admission of "evidence of the complaining witness past sexual conduct with the defendant." 13 V.S.A. § 3255(a)(3)(A) ; Goodnow, 162 Vt. at 528, 649 A.2d at 753. The exception applies only if: (1) the evidence bears on the complaining witness's credibility or "is material to a fact at issue"; and (2) "its probative value outweighs its private character." 13 V.S.A. § 3255(a)(3) ; State v. Lavalette, 154 Vt. 426, 428, 578 A.2d 108, 109 (1990), overruled on other grounds by State v. Brillon, 2008 VT 35, 183 Vt. 475, 955 A.2d 1108. Defendant bears the burden of showing the evidence's admissibility. Goodnow, 162 Vt. at 529, 649 A.2d at 754. No one disputes a masturbation incident would be material to the defense's argument that the sexual conduct was consensual. Thus, the remaining issue is whether the court erred in deciding that the incident's probative value did not outweigh its private character.
¶ 21. In cases where the prior sexual contact between defendant and complainant was "reasonably contemporaneous" with the charged conduct, this Court has recognized it may have significant probative value concerning the complainant's consent. For example, in State v. Gonyaw, we reversed and remanded the court's decision to exclude evidence of a prior sexual relationship between the complainant and the defendant because the court failed to consider whether the evidence could be probative; we noted that "[c]onsensual sexual activity over a period of years, coupled with a claimed consensual act reasonably contemporaneous with the act complained of, is clearly material on the issue of consent." 146 Vt. 559, 562-63, 507 A.2d 944, 946-47 (1985). In that case, the "reasonably contemporaneous" act occurred four days prior to the act underlying the sexual assault charges. Id. at 561, 507 A.2d at 946. In contrast, in Lavalette, we upheld the *882 trial court's decision to exclude the prior sexual conduct between the defendant and the complainant, which occurred eighteen months before the sexual assault, because the conduct was "not reasonably contemporaneous." 154 Vt. at 428, 578 A.2d at 109. We held that "the parties' conduct over a year before the incident had little probative value in determining consent on the night in question." Id.
¶ 22. We conclude the court did not err in determining the incident's probative value failed to outweigh its private character. 13 V.S.A. § 3255(a)(3). It is indisputable that the incident was highly private. Given the court's finding that the evidence showed an isolated incident occurring five months prior to the initial sexual contact, we cannot find the court abused its discretion in deciding it held minimal probative value that did not outweigh its private character.
¶ 23. Because we conclude the court did not err in admitting the sex-offender testimony or in excluding the masturbation-incident testimony, we need not consider defendant's arguments that the court's errors were not harmless.
Affirmed.

The State did not offer testimony that defendant was a sex offender or had ever committed a sexual offense. Additionally, the court specifically instructed the jury not to speculate on whether defendant actually was a sex offender. See infra, ¶15.