**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40165**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **2013 Opinion No. 52** |
| Plaintiff-Respondent, | ) |
| | ) **Filed: October 7, 2013** |
| v. | ) |
| | ) **Stephen W. Kenyon, Clerk** |
| RICARDO OZUNA, JR., aka RICHARD | ) |
| OZUNA, JR., RICH GARCIA, RICARDO | ) |
| OZUNA, KEANU OZUNA, RICHARDS | ) |
| OZUNA, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Judgment of conviction for lewd conduct with a minor child under sixteen and unified life sentence, with a minimum term of confinement of twenty years, enhanced for having been previously convicted of a sexual offense, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Ricardo Ozuna, Jr., appeals from his judgment of conviction for lewd conduct with a minor child under sixteen and his unified life sentence, with a minimum term of confinement of twenty years, enhanced for having been previously convicted of a sexual offense. Specifically, Ozuna argues that the district court erred by excluding proffered evidence of the victim's sexually transmitted disease and that his sentence is excessive. For the reasons set forth below, we affirm.

1

# I.

## FACTS AND PROCEDURE

Ozuna was charged with lewd conduct with a minor child under sixteen and a sentencing enhancement for having been previously convicted of a sexual offense. I.C. §§ 18-1508, 19-2520G(2). The fifteen-year-old victim testified that Ozuna had provided her with alcohol and engaged in genital-to-genital contact with her, part of which occurred while she was unconscious. Before trial, Ozuna moved the district court to introduce evidence that the victim had a sexually transmitted disease (STD) at the time the sexual contact occurred and that he had learned of this fact beforehand through a third party.[1] He argued that this evidence corroborated his defense that he had not engaged in sexual intercourse with the victim because he did not want to get the disease. He also sought to introduce evidence that he had not contracted the disease, which he asserted tended to prove he had not had sexual intercourse with the victim. The district court denied the motion and excluded the evidence, finding it inadmissible as reputation or opinion evidence of the victim's past sexual behavior. The district court also determined that admission of the evidence was not constitutionally required because its relevance was questionable and its probative value did not outweigh the danger of creating unfair prejudice against the victim. Ozuna was subsequently found guilty of lewd conduct with a minor child under sixteen and of having been previously convicted of a sexual offense. The district court sentenced Ozuna to a unified term of life imprisonment, with a minimum period of confinement of twenty years. Ozuna appeals.

# II.

## ANALYSIS

### A. Exclusion of evidence

#### 1. Exclusion under I.R.E. 412

Ozuna first argues that the district court erred by excluding evidence showing that the victim had an STD, that Ozuna allegedly learned of this from a third party before the alleged sexual contact, and that Ozuna had not since shown any symptoms of the disease. Ozuna

---

[1] The rape kit revealed that the victim had chlamydia when the alleged sexual intercourse occurred.

2

contends that this evidence does not fall within the scope of I.R.E 412, which prohibits a defendant in a sexual crime case from introducing evidence of a victim's past sexual behavior.[2]

The district court has broad discretion in the admission and exclusion of evidence, and its decision to admit such evidence will be reversed only when there has been a clear abuse of that discretion. *State v. Perry*, 139 Idaho 520, 521, 81 P.3d 1230, 1231 (2003). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistent with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Here, Ozuna asserts that the proffered testimony was not evidence of past sexual behavior governed by I.R.E. 412 because it was being offered not for the truth of the matter asserted but to show his state of mind. However, the district court noted that asking the victim whether she had an STD at the time of the sexual contact would be an inquiry into the truth of the allegation. The

---

[2]    Idaho Rule of Evidence 412 provides, in pertinent part:

      (a)    Notwithstanding any other provision of law, in a criminal case in which a person is accused of a sex crime, reputation or opinion evidence of the past sexual behavior of an alleged victim of such sex crime is not admissible.
      (b)    Notwithstanding any other provision of law, in a criminal case in which a person is accused of a sex crime, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is--
          (1)    admitted in accordance with subdivisions (c)(1) and (c)(2) [providing hearing procedure] and is constitutionally required to be admitted; . . .
        . . . .
          [c](3) If the court determines . . . that the evidence which the accused seeks to offer is relevant and that the probative value of such evidence outweighs the danger of unfair prejudice, such evidence shall be admissible in the trial to the extent an order made by the court specifies evidence which may be offered and areas with respect to which the alleged victim may be examined or cross-examined.
      (d)    For purposes of this rule, the term "past sexual behavior" means sexual behavior other than the sexual behavior with respect to which the sex crime is alleged.

district court held that the evidence fell squarely within I.R.E. 412 as reputation or opinion evidence of past sexual behavior because the clear implication of evidence showing that a victim has an STD is that the victim contracted the STD through past sexual activities. As a result, the district court ruled the evidence inadmissible.

Ozuna cites to three cases in support of his argument. Two of the cases are distinguishable because, in those cases, the state had offered evidence of the victim's STD as evidence that the defendant had engaged in sexual contact with the victim, thereby opening the door for rebuttal evidence, which did not occur here. *See Reece v. State*, 383 S.E.2d 572, 574 (Ga. Ct. App. 1989) (holding that the trial court erred by excluding defendant's proffered evidence that neither he nor his wife had contracted an STD after the state had introduced evidence that the victim had contracted the disease after the alleged sexual contact); *Evans v. Commonwealth*, 415 S.E.2d 851, 855 (Va. Ct. App. 1992) (holding that evidence that the victim waited to report the crime until after she learned she had contracted an STD was relevant and of probative value because it tended to show that the charge may have been false and motivated by ill-will). Only one case cited by Ozuna actually held that evidence of a victim's STD was not evidence of past sexual behavior. *See State v. Steele*, 510 N.W.2d 661, 666-67 (S.D. 1994) (concluding evidence that the victim had an STD, which the defendant did not subsequently contract, was not evidence of prior sexual conduct prohibited under that state's rape shield statute).

However, the majority of other states have held that the issue of a victim's STD or the defendant's lack of that STD is prohibited evidence of past sexual behavior under their respective rape shield laws. *See, e.g.*, *Fells v. State*, 207 S.W.3d 498, 502 (Ark. 2005) (holding that evidence of a victim's HIV-positive status fell under the state's rape shield law as evidence of prior sexual conduct because of the public's general perception of it as an STD); *State v. Mitchell*, 568 N.W.2d 493, 496 (Iowa 1997) (treating evidence that the victim tested positive for gonorrhea shortly after a sexual assault as evidence of the victim's past sexual behavior under Iowa Rule of Evidence 412); *State v. Ervin*, 723 S.W.2d 412, 415 (Mo. Ct. App. 1986) (upholding exclusion of testimony that the victim had gonorrhea under the state's rape shield law because of the inflammatory and prejudicial impact the evidence would have); *State v. Cunningham*, 995 P.2d 561, 568 (Or. Ct. App. 2000) (holding that evidence of an STD is tantamount to evidence of past sexual behavior under Oregon Rule of Evidence 412 because

4

STDs generally occur as the result of sexual intercourse or sexual contact); *Smith v. State,* 737 S.W.2d 910, 915 (Tex. Ct. App. 1987) (analyzing proffered evidence that the victim had gonorrhea on date of rape examination as evidence of the victim's previous sexual conduct under Texas rape shield law); *State v. Jarry,* 641 A.2d 364, 366 (Vt. 1994) (analyzing proffered evidence that the victim had chlamydia on the date of the rape examination as evidence of the victim's prior sexual conduct under Vermont's rape shield law). We believe that the better approach is to recognize that evidence related to whether a victim had an STD or whether the defendant thought the victim had an STD at the time of an alleged sex crime is evidence of a victim's past sexual behavior. Evidence that the defendant subsequently did not contract that disease would not be relevant without first establishing that the victim had an STD. Admissibility of such evidence is governed by I.R.E. 412. Therefore, the district court did not abuse its discretion by treating the STD evidence as evidence of past sexual behavior under I.R.E. 412.

**2.     Right to present a defense**

Ozuna further argues that exclusion of the proffered evidence violated his constitutional right under the Sixth and Fourteenth Amendments to the United States Constitution to present a full defense. Ozuna asserts that the evidence should have been admitted to allow him to explain and corroborate his claim that he did not have sexual contact with the victim because he did not want to contract the STD he believed she had and because he did not subsequently contract the disease.

A defendant's Sixth Amendment right to present a defense may be limited by I.R.E. 412. *State v. Self*, 139 Idaho 718, 722, 85 P.3d 1117, 1121 (Ct. App. 2003). A defendant has no right to present irrelevant evidence; even if evidence is relevant, it may be excluded in certain cases. *State v. Peite*, 122 Idaho 809, 814, 839 P.2d 1223, 1228 (Ct. App. 1992). The state has a legitimate interest in protecting rape victims against unwarranted invasions of privacy and harassment regarding their sexual conduct. *See Michigan v. Lucas*, 500 U.S. 145, 149-50 (1991); *Delaware v. VanArsdall*, 475 U.S. 673, 679 (1986). Admission of evidence of an alleged victim's past sexual behavior is constitutionally required only in extraordinary circumstances. *Peite*, 122 Idaho at 815, 839 P.2d at 1229. Accordingly, trial judges retain wide discretion under the Confrontation Clause to impose reasonable limits on cross-examination and introduction of evidence based on concerns about--among other things--harassment, prejudice, confusion of the

5

issues, witness safety, or interrogation that is repetitive or only marginally relevant. *VanArsdall*, 475 U.S. at 679; *Self*, 139 Idaho at 722, 85 P.3d at 1121.

This Court has set forth a two-part inquiry to determine whether a defendant's Sixth Amendment rights were violated by a trial court's exclusion of evidence under I.R.E. 412. *Self*, 139 Idaho at 722, 85 P.3d at 1121; *Peite*, 122 Idaho at 814-15, 839 P.2d at 1228-29. First, the trial court must consider whether the proffered evidence is relevant. *Self*, 139 Idaho at 722, 85 P.3d at 1121. If it is not relevant, the defendant has no constitutional right to present it. *Id.* If the evidence is relevant, the trial court must ask whether other legitimate interests outweigh the defendant's interest in presenting the evidence. *Id.* Because trial courts have such broad discretion to determine whether prejudicial effect or other concerns outweigh the probative value of the evidence, a defendant's Sixth Amendment rights will be violated only if the trial court abused its discretion. *Id.*; *Peite*, 122 Idaho at 815, 839 P.2d at 1229.

Here, Ozuna asserts that the proffered evidence that he had learned of the victim's STD from a third party was relevant to his defense because it explained why he did not want to have sexual contact with the victim. Without this evidence, he argues, a jury would be unlikely to believe that he turned down sex with a girl whom he alleges he met on an adult chat line and thought was of legal age. Noting the lack of Idaho case law on point, Ozuna cites to *Commonwealth v. Thevenin*, 603 N.E.2d 222 (Mass. Ct. App. 1992) for support. In *Thevenin*, the defendant sought to introduce evidence that he had not had sexual intercourse with the victim because he had learned from a coworker that the victim had an STD. He argued that the evidence was necessary for him to present a defense, but the trial court excluded the evidence, ruling that it was only marginally relevant. During cross-examination, the state meticulously highlighted the sexually provocative comments and actions Thevenin alleged the victim had made and questioned him in regard to each action and comment about his asserted disinterest in having sexual contact with her. The Massachusetts Court of Appeals noted first that the proffered evidence was generally incompatible with the state's rape-shield statute:

> [A]n open-ended exception for state-of-mind evidence concerning a defendant's fear of contracting a disease would cut a gaping hole in the protection afforded rape victims by the rape-shield statute. Recognition of such a general exception, given the prevalence of sexually transmitted diseases, would undoubtedly encourage a significant number of inquiries into the sexual history of rape complainants, causing them humiliation and discouraging them from reporting the crime to law enforcement authorities.

6

*Thevenin*, 603 N.E.2d at 226. The court then held that Thevenin's constitutional right to present a defense had been violated because the state's cross-examination had made Thevenin's asserted actions look altogether incredible without his side of the story. The court noted that Thevenin's interest in presenting a defense outweighed the interests underlying the rape-shield statute only because his theory was based on more than mere speculation or vague hope, as he had a potential witness available to substantiate his claim. *Id.*

We find the reasoning of the Massachusetts Court of Appeals persuasive. A general exception allowing state-of-mind evidence regarding a defendant's fear of contracting an STD from a victim would fundamentally undermine the purpose of I.R.E. 412 by allowing inquiry into subject matter that is not only embarrassing and highly inflammatory but plainly implicates past sexual behavior. This is not to say that evidence concerning a victim's STD is never admissible, as the circumstances in *Thevenin* provide an example of when admission may be constitutionally required. However, the present case is distinguishable from *Thevenin*. The record indicates that the state made no direct or implied arguments regarding the plausibility of Ozuna's claim that he did not want to have sexual contact with the victim. Ozuna's offer of proof consisted solely of his self-serving statement that he had learned from a third party that the victim had an STD. In response, the state contended that the third party had denied ever making any statement about the victim having an STD. Finally, the state made no argument and presented no evidence that the victim had contracted the STD from Ozuna and thus had not opened the door to rebuttal evidence of Ozuna's lack of the disease. As a result, this case does not involve the extraordinary circumstances needed to constitutionally require admission of evidence of a victim's past sexual behavior.

Ozuna also asserts that his constitutional right to present a defense was violated when he was precluded from showing that the victim actually had an STD and that he did not subsequently contract the STD. This, he argues, was relevant because it tended to show that he had not had sexual intercourse with the victim. However, the district court noted there had been no offer of proof showing the probability of contracting this particular STD from sexual intercourse with an infected person, how long after the incident Ozuna was tested, or whether he used antibiotics in the interim. Instead, Ozuna's offer of proof consisted solely of his counsel's statement that Ozuna had been to a doctor, had a full physical, did not suffer from the STD, and never came down with any signs. Without more, this is insufficient to demonstrate that the

evidence was relevant, and the district court did not abuse its discretion by excluding the proffered evidence.

Ozuna further argues that the district court failed to balance his interest in presenting a defense against other legitimate interests in this case. As stated above, exclusion of evidence under I.R.E. 412 does not violate a defendant's Sixth Amendment right to present a defense unless the evidence is relevant and the defendant's interest in presenting the evidence is not outweighed by other legitimate interests. *Self*, 139 Idaho at 722, 85 P.3d at 1121; *Peite*, 122 Idaho at 814-15, 839 P.2d at 1228-29.

Here, the record indicates that the district court balanced the interests involved. It noted the probative value of the evidence in showing Ozuna's state of mind and in tending to make it less likely that he had sexual contact with the victim. The district court also noted the presence of other legitimate interests--namely, the danger of embarrassing the victim and giving the jury the impression that she was promiscuous. The district court's statements, though limited, indicate its determination that the probative value of the evidence was low while the danger of unfairly prejudicing the jury against the victim based on inappropriate considerations was high. The district court concluded that Ozuna's interest in presenting the evidence was outweighed by other legitimate interests. Thus, the district court did not abuse its discretion by holding that admission of the proffered evidence was not constitutionally required.

**B.      Excessive sentence**

Ozuna contends that the sentence imposed by the district court was excessive and an abuse of discretion in light of the mitigating factors known to the court. Specifically, Ozuna argues that his family support and his history of alcohol and drug abuse require a more lenient sentence.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence,

rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1884 (Ct. App. 1982). The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. *State v. Hunnel*, 125 Idaho 623, 873 P.2d 877 (1994); *State v. Pederson*, 124 Idaho 179, 857 P.2d 658 (Ct. App. 1993). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The record in this case reveals that Ozuna has a long criminal history consisting of thirteen prior misdemeanor convictions and a prior felony conviction in 2002 for lewd conduct with a minor child under sixteen. In that case, factually similar to this one, Ozuna met a fourteen-year-old-girl on the internet, provided her with alcohol, and had sexual contact with her. Ozuna was placed on parole three times following that felony conviction, and his parole was revoked each time within only a few months of his release for failing to comply with the requirements of his release or, as in this case, reoffending. Ozuna committed this crime while he was on parole for the third time in the lewd conduct case. The district court found that the serious nature of the crime in this case and its similarities with Ozuna's previous conviction for the same offense indicate a disturbing predatory methodology. The district court also noted Ozuna's lack of empathy or remorse for his actions and his contempt for his victim during the trial and sentencing. In mitigation, the district court considered Ozuna's family relationship and noted that he has done some positive things in his life. However, the district court concluded that Ozuna poses a very significant and substantial danger to other members of society and minor females in particular.

The issue before this Court is not whether the sentence is one that we would have imposed, but whether the sentence is plainly excessive under any reasonable view of the facts. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. If reasonable minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court. *Id.* Having thoroughly reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, this Court will not disturb the district court's decision.

### III.
### CONCLUSION

Ozuna failed to show that the district court abused its discretion by excluding the proffered evidence of the victim's STD and Ozuna's lack of that STD. The district court correctly determined that such evidence was evidence of a victim's past sexual behavior. Ozuna also failed to show that admission of the proffered evidence was constitutionally required. The district court did not abuse its discretion in finding the evidence of questionable relevance and determining that the probative value was outweighed by the danger of unfair prejudice. Finally, Ozuna failed to show that the district court abused its discretion in sentencing. Accordingly, we affirm Ozuna's judgment of conviction for lewd conduct with a minor child under sixteen and his unified life sentence, with a minimum term of confinement of twenty years, enhanced for having been previously convicted of a sexual offense.

Judge LANSING and Judge GRATTON, **CONCUR.**