IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41872

| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 326 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 28, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMES EDWARD JONES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy L. Hansen, District Judge.

Judgment of conviction, affirmed; order of the district court denying motion to modify no-contact order, affirmed; order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

James Edward Jones was convicted of domestic violence in the presence of a child and intimidating or impeding the attendance of a witness. During the course of the proceedings, the court amended a no-contact order (NCO) such that it prohibited Jones from contacting his daughter, the child who observed the domestic violence. On appeal, Jones argues that the NCO violates his fundamental right to parent his daughter and that his sentence is excessive.

## I.

## BACKGROUND

The State originally brought two charges against Jones: domestic violence in the presence of a child, Idaho Code §§ 18-903(a), 18-918(2), 18-918(4); and attempted strangulation,

1

I.C. § 18-923. As to the first charge, the State alleged that Jones repeatedly kicked the mother of his child, fracturing her ribs, in the presence of their one-year-old daughter. After the magistrate found probable cause, it entered a two-year NCO prohibiting Jones from contacting the child or her mother. In an amended complaint, the State later alleged that Jones intimidated or impeded the attendance of a witness in violation of I.C. § 18-2604 when he attempted to bribe the mother and then threatened her and her family with physical violence, both in an attempt to dissuade the mother from testifying against him

Prior to trial, Jones filed a motion for a modification of the NCO, seeking permission to contact his daughter by writing letters and having a third party read them to her. The State objected noting that Jones's intimidation of a witness had occurred in violation of the NCO. It also argued that when Jones threatened the mother's family, he implicitly threatened the child as a member of that family. Finally, the State argued that it opposed using any member of Jones's family to act as a conduit for contact because Jones had used his sister to facilitate the threatening behavior. The district court denied the motion to modify the NCO.

Jones pleaded guilty to the domestic violence and intimidating a witness charges, and the attempted strangulation charge was dismissed. On the domestic violence count, the court imposed a unified ten-year sentence with five years determinate. As to the intimidating a witness charge, the court sentenced Jones to a consecutive, indeterminate five-year term of imprisonment.

At sentencing, the district court extended the NCO to last until January 6, 2024. Jones filed a second motion to modify the NCO to permit contact with his daughter. The State opposed the motion, reiterating its argument that Jones had violated the NCO and threatened the child. The district court noted logistical problems involved in facilitating contact with a two-year-old, preverbal child. The court said that it preferred that the issue of visitation be litigated in family court and expressed a willingness to amend its order to permit whatever visitation might be allowed by the family court. It then denied the motion "subject to renewal at a later date." Jones appealed both his sentence and the denial of his second motion to modify the NCO.

## ANALYSIS

### A.    No-Contact Order

Jones contends that the NCO unconstitutionally infringes upon his constitutional right to parent his children.  He concedes that this issue was not raised below and that one is ordinarily barred from raising an issue for the first time on appeal.  He argues, however, that the issue may be raised as fundamental error because "the fundamental error standard applies to all unobjected-to errors in criminal proceedings in Idaho."

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).  Idaho appellate courts may, however, consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error.  *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971).  An appellate court may reverse based upon an unobjected-to error when the defendant persuades the court that the alleged error:  (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings.  *State v. Perry*, 150 Idaho 209, 226, 245 P.3d 961, 978 (2010).

The *Perry* standard "applies to all claims of error relating to proceedings in criminal cases in the trial courts."  *State v. Carter*, 155 Idaho 170, 174, 307 P.3d 187, 191 (2013).  While *Carter* makes clear that fundamental error analysis applies to claims other than trial error, *see also State v. Clontz*, 156 Idaho 787, 791, 331 P.3d 529, 533 (Ct. App. 2014), we have also held that it does not apply to a restitution order issued in a criminal case, *State v. Mosqueda*, 150 Idaho 830, 834, 252 P.3d 563, 567 (Ct. App. 2010) (holding that because restitution is civil in nature, we do not review restitution claims for fundamental error).  There is some doubt as to whether fundamental error analysis should be applied to a no-contact order because, even though the order is entered in the course of the criminal case, it is not a component of the actual prosecution for the charged offenses, nor is a no-contact order a form of punishment that is a component of a defendant's sentence.[1]  We need not resolve that issue, however, because, even

---

[1]    The State argues that we should hold that fundamental error review is not available because Jones can properly raise this issue, in the trial court, by filing another motion to modify

assuming that fundamental error analysis may appropriately be applied on appeal from a no-contact order, Jones has not shown fundamental error here.

Jones challenges the denial of his January 9, 2014, motion to modify the NCO. This motion had two components, which we consider separately. In one portion of his motion, Jones requested "that he be allowed . . . in person visits with the facilitation of such visits through the help of his sister." Jones has not demonstrated that the denial of this portion of the motion was erroneous. Jones requested contact by using his sister as an intermediary. From our record on appeal, it appears that Jones's sister is an inappropriate intermediary. Jones was charged with communicating threats of violence to the victim and her family, and during his plea colloquy, he admitted that he had done so. The State consistently alleged that the sister was the conduit for this threat. If the State's contention is true, the sister was ready, willing, and able to act as an instrument of Jones's criminal designs. Accordingly, we conclude that Jones has not shown

---

the NCO. The State has raised similar arguments in other contexts and we have continuously rejected this line of argument. For example, in *State v. Moad*, 156 Idaho 654, 656-58, 330 P.3d 400, 403-04 (Ct. App. 2014), we acknowledged that there existed a variety of procedural avenues to raise an issue in the district court, but nonetheless held that we could review for fundamental error:

> The State contends that this Court should not address Moad's claims of fundamental error because he could raise this alleged double jeopardy violation in the district court by a motion to correct an illegal sentence under Idaho Criminal Rule 35. . . . Whether the double jeopardy bar precludes multiple punishments for convictions obtained in a single case could be raised by the defense in a post-verdict motion, at sentencing, or in a Rule 35 motion. Like other claims of constitutional error, if the defense fails to raise the issue in the trial court, it may be advanced for the first time on appeal provided, of course, that all of the *Perry* fundamental error elements are met. The fact that the Idaho Supreme Court . . . recognized another avenue to pursue double jeopardy relief before the trial court does not affect whether such a claim is reviewable as fundamental error.

We understand the State's position as a policy matter. Many cases, including this one, would be better resolved in the trial court where the parties can develop a factual record. But, Idaho law does not authorize this Court to force a party to litigate in the most sensible forum.

Moreover, we note that Jones remains free to pursue a claim that he is constitutionally entitled to some form of contact in the district court. Our conclusion that he has failed to show the plainness of any error will not bar a future motion to modify.

4

clear or obvious error in the district court's denial of this portion of the motion. On the evidence in the record, this portion of the denial is appropriate.

Second, Jones requested a modification of the NCO that would permit "contact by phone, video, [or] mail." By denying the motion to modify the NCO, the court also denied contact by these methods. Indeed, the ruling results in a near total preclusion of Jones's ability to act as a parent.

"Each parent has a fundamental liberty interest in maintaining a relationship with his or her child." *In re Doe*, 156 Idaho 532, 536, 328 P.3d 512, 516 (2014); *see also Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality opinion by O'Connor, J.). Accordingly, Idaho law strictly circumscribes the grounds upon which the right to parent may be terminated and requires that those grounds are "shown by clear and convincing evidence." *In re Doe*, 156 Idaho at 536, 328 P.3d at 516. Moreover, the termination of parental rights requires a finding that the termination in the best interest of the child. *See* I.C. § 16-2005; *In re Doe*, 156 Idaho at 537, 328 P.3d at 517. On appeal, Jones argues that the restriction imposed by the NCO essentially terminates his right to parent and that because these standards required to terminate have not been met and the required findings have not been made, that we must reverse.

We disagree. Because Jones did not raise this constitutional issue below, the parties did not present the type of evidence required to adjudicate this claim. For example, our record contains very little information regarding the interests of the child and the information that is in the record was not admitted as evidence. We have arguments from the State regarding the developmental abilities of the child, but that is not evidence. Our record concerning the threat that allegedly extended to the child is similarly deficient. It consists of (1) a guilty plea to a charge of bribery "and/or" threatening; (2) a settlement sheet that was drafted by the State, which was not signed by Jones, and indicated that Jones threatened the victim "and her family"; and (3) Jones's unsworn remarks made during his plea colloquy. Likewise, the record contains no admissible evidence concerning Jones's prior interactions with the child, other than her presence at the time of Jones's offense. Indeed, neither party offered any evidence at the hearing on the motion to modify the NCO.

Jones argues that these deficiencies warrant reversal. He asserts that because the record does not contain the facts required to determine whether his right to parent has been impermissibly burdened, his rights cannot remain burdened. He is incorrect. As stated above, a

party may prevail on a claim of fundamental error only when the error "is clear or obvious without the need for reference to any additional information not contained in the appellate record." The record here is deficient because it is devoid of nearly all of the information that would be needed for a court to determine this issue. Therefore, Jones's claim must fail. To hold otherwise would turn fundamental error on its head. The defendant's proposed rule would allow defendants to strategically refrain from raising constitutional challenges and then argue that no evidence disproves their challenge on appeal. Fundamental error analysis does not require that result; rather, it places the burden on the defendant to show error and prejudice therefrom. Here, the asserted error is not plain because the record lacks the facts required to adjudicate the claim.

## D. Sentence Review

As stated above, the district court imposed a unified sentence of ten years' imprisonment with five years determinate on the domestic violence charge and a consecutive, indeterminate term of five years' imprisonment on the interfering with a witness charge. Jones argues that his sentences are excessive. He contends that the court inadequately considered the abuse and neglect he was subjected to as a child, his mental health issues, and his substance abuse problems.[2] He also argues that the court erred by denying his Rule 35 motion seeking a sentence reduction. In that motion, he showed that he was taking advantage of treatment options within the prison and had begun work in the prison kitchens.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992); *State v. Ozuna*, 155 Idaho 697, 704, 316 P.3d 109, 116 (Ct. App. 2013). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982); *Ozuna*, 155 Idaho at 704, 316 P.3d at 116. A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing

---

[2]    At sentencing, Jones explained that this conduct occurred while he was under the influence of "methamphetamine cut with bath salts."

6

court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

The district court expressly considered Jones's troubled childhood, mental illness, and substance abuse at the sentencing hearing. It concluded that "substance abuse coupled with the mental health issues clearly have, in the Court's opinion, contributed to the conduct that resulted in these charges against Mr. Jones today." But, it also considered several aggravating factors. Jones's lengthy criminal history includes six felonies and crimes of violence. It considered a report indicating that "Jones was not motivated to accept responsibility for his violence suggesting that he would not be appropriate for community based treatment." And, it considered a report indicating that Jones was very likely to reoffend. Perhaps most importantly, the court considered the serious nature of the offenses. Jones kicked his victim with such force and frequency that he fractured her ribs. Thereafter, in lieu of accepting responsibility for his conduct, Jones attempted to threaten and bribe the victim to keep quiet in an unsuccessful attempt to continue to exert control over her.

Considering the nature of the offense, the character of the offender, and the protection of the public interest, we conclude that Jones has failed to show that his sentence is excessive. Accordingly, we conclude that the court did not err by imposing Jones's sentence or by denying his Rule 35 motion.

7

## III.

## CONCLUSION

Assuming, arguendo, that fundamental error analysis is appropriate in this case, we conclude that Jones is not entitled to relief because he has not shown any violation of a constitutional right that is plainly apparent from the record. Jones also has not shown that his sentence is excessive. Therefore, the judgment of conviction, the order of the district court denying Jones's motion to modify the NCO, and the order denying the Rule 35 motion are affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR.**