## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 43659

| | | |
|---|---|---|
| **RICARDO OZUNA JR.,** | ) | **2016 Unpublished Opinion No. 689** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: September 16, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge. Hon. Molly J. Huskey, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Ricardo Ozuna, Jr., appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Ozuna was convicted of lewd conduct with a minor under sixteen and of having been previously convicted of a sexual offense. Idaho Code §§ 18-1508, 19-2520G(2). The district court sentenced Ozuna to a unified term of life with twenty years determinate. Ozuna filed an appeal asserting that the district court erred by excluding proffered evidence of the victim's sexually transmitted disease and that his sentence was excessive. This Court affirmed the conviction and sentence. *State v. Ozuna*, 155 Idaho 697, 316 P.3d 109 (Ct. App. 2013). Thereafter, Ozuna filed a pro se petition for post-conviction relief alleging ineffective assistance

1

counsel. Among other claims, Ozuna asserted that trial counsel was ineffective for advising him not to take a plea offer of fifteen years maximum. The State filed an answer and the district court appointed counsel. The district court subsequently gave notice of its intent to dismiss the petition. Ozuna failed to respond and the district court summarily dismissed the petition. Ozuna timely appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715

P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Ozuna argues that post-conviction relief should be granted because he did raise a genuine issue of material fact as to whether he was denied effective assistance of counsel when he

rejected a plea offer on the basis of deficient advice. Ozuna contends that trial counsel advised him not to take a plea offer of fifteen years maximum because counsel could win the case at trial.

The Sixth Amendment right to effective assistance of counsel extends to the plea bargaining process. *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 1405 (2012); *Hoffman v. State*, 153 Idaho 898, 907, 277 P.3d 1050, 1059 (Ct. App. 2012). A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.

Ozuna argues on appeal that trial counsel's advice was constitutionally deficient and that Ozuna was prejudiced insofar as he did not take the plea, losing his opportunity to do so, which led to a trial and conviction and the imposition of a longer sentence. The State argues that Ozuna did not establish a prima facie showing of prejudice to satisfy the claim of ineffective assistance of counsel. Likewise, in summarily dismissing Ozuna's petition, the district court ruled based solely on prejudice. Accordingly, we constrain our review to the issue of whether Ozuna has satisfied the prejudice prong of *Strickland*.

Ozuna argues that he supported his claim of ineffective assistance of counsel with regard to the plea offer with this statement contained within his affidavit attached to the petition for post-conviction relief: "Prejudice can be shown by the loss of the plea opportunity which le[d] to a Trial resulting in the conviction with the imposition of a more serious sentence opposed to that [which] was offered." Ozuna asserts this statement makes clear, but for counsel's deficient advice, he would have taken the plea offer, and that "the district court's conclusion to the contrary is simply incorrect." We note Ozuna does not allege what crime he would have been

4

required to plead guilty to under the terms of the plea offer. Further, Ozuna acknowledges he was not aware of what the determinate portion of his sentence would be under the plea offer.

The Supreme Court of the United States has addressed ineffective assistance of counsel claims within the context of plea negotiations. *See Lafler v. Cooper*, \_\_\_ U.S. \_\_\_, 132 S. Ct. 1376 (2012). In *Lafler*, defense counsel erroneously advised the defendant that the prosecution could not prove a required element of the charged offense. *Id*. at \_\_\_, 132 S. Ct. at 1383. The defendant rejected two plea offers and proceeded to trial based on his counsel's advice. He was subsequently convicted of all counts and received a less favorable sentence than he would have under the plea offers. On appeal, the parties conceded that defense counsel's advice was deficient. *Id*. at \_\_\_, 132 S. Ct. at 1384. Thus, the Court focused on the prejudice prong of the *Strickland* analysis and explained that to establish prejudice the petitioner must show a reasonable probability, but for the attorney's deficient performance, the outcome of the plea process would have been different with competent advice. *Lafler*, \_\_\_ U.S. at \_\_\_, 132 S. Ct. at 1384. Specifically, where alleged deficient advice led to the plea offer's rejection, the petitioner is required to show, but for the ineffective advice of counsel, there is a reasonable probability that: (1) the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances); (2) the court would have accepted its terms; and (3) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. *Id*. at \_\_\_, 132 S. Ct. at 1385.

Ozuna fails to allege as to *Lafler*'s initial requirement, that there is a reasonable probability he would have accepted the earlier plea offer had he been afforded effective assistance of counsel. Ozuna's pleading does not aver, but for trial counsel's advice, he would have submitted the plea agreement for acceptance to the district court. He does not allege that the prosecution would not have withdrawn the offer. Ozuna's single allegation is merely conclusory, unsupported by admissible evidence, and insufficient to satisfy the *Strickland* requirement for prejudice.

Further, Ozuna fails to allege or offer evidence that the trial court would have accepted the plea agreement or followed any recommendation in imposing a discretionary sentencing determination. The terms of the plea offer, including the charge to which Ozuna would have pled guilty and the determinate term of the sentence, were not disclosed in the pleadings, nor was

5

information as to whether or not the offer was binding. Accordingly, the district court did not err in summarily dismissing Ozuna's claims that his trial counsel was ineffective for advising him to reject the plea offer.

## III.

## CONCLUSION

Ozuna has failed to establish a prima facie showing that his attorney provided ineffective assistance of counsel. Accordingly, we affirm the judgment of the district court summarily dismissing Ozuna's petition for post-conviction relief.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.